UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **B & T RENTALS INC** | **CASE NO. 6:20-CV-00598** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BLACK VALLEY DIRECTIONAL DRILLING LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is defendant, XTO Energy Inc.'s ("XTO"), Renewed Motion for Summary Judgment. Rec. Doc. 93. Plaintiff, B&T Rentals Inc. ("B&T"), has opposed this Motion. Rec. Doc. 95. For the following reasons, this Motion is **GRANTED** and B&T's claims against XTO are hereby **DISMISSED WITH PREJUDICE**.

I. Background

This suit stems from a contractual dispute over payments regarding rented tools and equipment for oil exploration. Rec. Doc. 86, ¶5. B&T claims that they were not paid by Black Valley Directional Drilling LLC ("Black Valley"), another defendant, for "tools and services" which they provided to Black Valley for use on XTO well sites. *Id.* ¶¶5, 21-22. Notably, B&T does not allege any direct contractual relationships between themselves and XTO. Rather, B&T argues that XTO is liable under a Master Service Agreement ("the MSA") between XTO and Black Valley, which B&T argues incorporated both themselves as well as work orders for B&T products. *Id.* ¶¶21-37. B&T further argues that they were a third-party beneficiary of this MSA, thus making XTO liable. *Id.*, ¶¶38-46.

In September of 2021, before discovery had been completed on this case, XTO moved for summary judgment arguing that there was no factual basis to hold XTO liable for any contractual

obligations to B&T in this case. Rec. Doc. 76. B&T opposed this first Motion, primarily arguing that the Motion was premature under Federal Rule of Civil Procedure 56(d). Rec. Doc. 81. The Court dismissed that initial Motion without prejudice to allow B&T time in discovery to "provide evidence that contractual obligations do exist between themselves and XTO." Rec. Doc. 87. The discovery deadline was March 21, 2022, and XTO filed the present Renewed Motion for Summary Judgment on April 19, 2022. Rec. Doc. 93. As with their previous Motion, XTO's central argument is that there is no factual basis to find that XTO owed any contractual duty to B&T. *Id.*

    II.      Legal Standard

Summary judgment is appropriate where one party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The key question in this analysis is whether the evidence on record "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of proving that there are no genuine issues of material fact to be resolved at trial. *Bustos v. Martini Club Inc.*, 599 F.3d 456, 468 (5th Cir. 2010). If the moving party meets this initial threshold, then "the burden shifts to the nonmoving party to produce evidence that a genuine issue of material fact exists for trial." *Id.* During this analysis, courts must "view the facts in the light most favorable to…the nonmoving party." *City and Cty. of San Francisco v. Sheehan*, 575 U.S. 600, 603 (2015). Further, "all justifiable inferences are to be drawn" in favor of the nonmoving party. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

III.    Application

First, the Court notes that B&T is no longer seeking to assert that XTO has any form of contractual liability stemming from any contract between B&T and Black Valley. *See* Rec. Doc. 95.[1] To sue a party for breach of contract, the party being sued must be a party to the contract. 23 Williston on Contracts § 63:1 (4th ed.); *see also B&T Rentals, Inc. v. Childress Directional Drilling LLC*, 2018 WL 3999728 at 2 (W.D.La. 2018). And while a contract can create a benefit for a third-party beneficiary, it does not create any obligations for the third-party beneficiary. *See* La. Civ. Code arts. 1978, 1981. Thus, to the extent that any claims still exist alleging that XTO is liable based on a contract between B&T and Black Valley, these claims are dismissed.

B&T's key argument in their amended complaint and in their opposition to the Motion for Summary Judgment is that XTO is liable to B&T for the missing payments under the MSA between Black Valley and XTO. There is no dispute as to the veracity of the MSA provided, and XTO also admits that they operate the wells listed on the invoices. Rec. Doc. 88, ¶¶VII, XIX. Rather, XTO denies that the MSA creates any contractual obligation to pay B&T.

The key question, then, for the Court is whether there is some issue of fact to support B&T's position that the MSA created a contractual obligation for XTO to pay B&T directly. B&T is correct in stating that they are part of the Contractor Group, which includes "any Subcontractor." Rec. Doc. 95-3, Sections II at 2.3, 2.6. Further, the materials provided by B&T would also be considered work under the contract, which includes "everything to be provided or performed by the Contractor Group from time to time under this Master Service Agreement." *Id.*, Section II at 2.9. Notably, however, this "work" can include services or materials which are not accompanied by a work order. *Id.*

---

[1] The Court discusses this because earlier versions of the complaint did seemingly allege that XTO's liability stemmed from XTO's role as a third-party beneficiary to the contract between B&T and Black Valley.

The fact that work as defined in the MSA includes services or materials which are not accompanied by work orders under the MSA is important since it appears that the B&T invoices would not constitute a work order.  The MSA defines a Work Order as "directions from XTO to Contractor, which may be oral…or written, to provide or furnish XTO with equipment (including, without limitation, equipment fabricated by the Contractor Group), material or services…"  *Id.*, Section II at 2.10.  The invoices supplied by B&T are not work orders under the MSA as they do not meet this definition.  On each invoice, Black Valley is listed as the customer and the party to be billed, with the parts being shipped to XTO.  Rec. Doc. 95-2 (showing the various invoices).  These invoices do not show "<u>directions from XTO to Contractor</u>" as required by the MSA, rather they merely show that Black Valley ordered materials from B&T.  Thus, these invoices could not be considered work orders under the MSA and are not evidence of any contractual obligation between XTO and B&T.

Even if these invoices were considered work orders under the MSA, it was Black Valley's obligation to "[p]ay…for all labor and materials furnished by the Contractor Group for the Work."  Rec. Doc. 95-3, Section IV at 4.1.5; *see also Id.,* Section IX ("Contractor will make timely and full payments to all workmen, materialmen and Subcontractors…").  In contrast, XTO's obligation was to "pay Contractor for the Work based on the rate and terms in the Work Orders."  *Id.*, Section V at 5.1.  Thus, the only party in the MSA which had a direct obligation to pay B&T as part of the Contractor Group was Black Valley, not XTO.

While the MSA shows no evidence of any direct contractual obligations between XTO and B&T, B&T also argues that they should be considered a third-party beneficiary of the MSA under the Louisiana legal rule for a stipulation pour autrui.  This argument, however, also fails.  A stipulation pour autrui has three criteria: "1) the stipulation for a third party is manifestly clear;

2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Joseph v. Hosp. Service Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006). [2]  The key issue is whether the contract "manifest[s] a clear intention to benefit the third party." *Maggio v.* Parker, 250 So.3d 874, 880 (La. 2018).  While these stipulations need not always be in writing, where the contract in question requires the entire agreement to be in writing, then the stipulation must also be in writing. *Joseph*, 939 So.2d at 1215-16.  The MSA here clearly holds that it "may not be changed orally, but may be changed only by an amendment, signed by both parties…[a]n amendment that is not in writing is void." Rec. Doc. 95-3, Section XIV at 14.12.  In reviewing the MSA, the Court finds no clear intent to provide a benefit to any third party such as B&T.  Nor has B&T pointed to any provision that shows some clear intent to benefit any third party.  Rather, any benefit they would have received as a subcontractor to Black Valley would be incidental to the MSA.  As such, there is no genuine issue of material fact to support B&T's argument that they were a third-party beneficiary of the MSA.

IV.     Conclusion

In conclusion, the Court finds that B&T has provided no factual basis to support the notion that XTO owed any contractual duty to B&T.  While the invoices supplied by B&T show a contractual obligation between B&T and Black Valley, they do not constitute a work order under the MSA.  Further, B&T is not a third-party beneficiary of the MSA between XTO and Black Valley as the MSA shows no intent to benefit any third party.  Finally, B&T has never

---

[2] While the defendants briefly raised the argument that Texas law should apply to this case as the MSA identifies Texas law in a choice of law provision, neither party discussed whether there was a conflict of laws or whether the court needed to analyze which law would apply.  The Court, however, does note that Texas has a "presumption against third-party beneficiary agreements" and will impose them only when the contract includes a "clear and express intention of directly benefitting the third party." *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011).  Thus, the Court concludes that the claim would also fail under Texas law should that be the applicable law.

provided any evidence of any other contractual duties owed to themselves by XTO.

Consequently, the Motion for Summary Judgment is hereby **GRANTED**, and all claims by B&T against XTO are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Monroe, Louisiana on this 10th day of June, 2022.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE